IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA RESTAURANT OWNERS AGAINST LOCKDOWN, LLC 1223 Walnut Street Philadelphia, PA 19107 | : : : : : | COMPLAINT IN CIVIL ACTION SEEKING AN EMERGENCY INJUNCTION AND DECLARATORY JUDGEMENT |
| Plaintiff, | : : | JURY DEMANDED |
| v. | : : | |
| JAMES KENNEY, in his official capacity as Mayor of the City of Philadelphia City Hall, Rm. 204 Philadelphia, PA 19107 | : : : : : | Civil Action No.: 2:20-CV-5809 |
| AND | : : | |
| CITY OF PHILADELPHIA 1515 Arch Street, Suite 15 Philadelphia, PA 19102 | : : : : | |
| Defendants. | : | |

Plaintiff, Philadelphia Restaurant Owners Against Lockdown, LLC, by way of Complaint against the Defendants, says:

**COMPLAINT**

1. Plaintiff, Philadelphia Restaurant Owners Against Lockdown, LLC, is a coalition of small business owners in the restaurant industry, operating restaurants in the City and County of Philadelphia.

2. On November 16, 2020, Mayor of Philadelphia, James Kenney, announced the purported "Safer at Home" restrictions on citizens and businesses operating within the City of

Philadelphia, which begin on November 20, 2020 and last until January 1, 2020. These restrictions allegedly protect Philadelphia's public health, safety, and welfare.

3. The Mayor claims to enact such restrictions under various powers allotted to him under Pennsylvania statutes, the Philadelphia Code and the Philadelphia Home Rule Charter.

4. The "Safer at Home" shutdown policy includes a complete ban on indoor dining for the duration of the order.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this case under 28 U.S.C. §§ 1331, 1343(a)(3)(4), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

6. Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Plaintiffs' claim occurred in this district.

## PARTIES

7. Plaintiff, Philadelphia Restaurant Owners Against Lockdown, LLC, is a limited liability company registered in Pennsylvania, with a registered address of 1223 Walnut Street, Philadelphia, Pennsylvania.

8. James Kenney is the Mayor of Philadelphia, named in his official capacity, and is generally charged with enforcing the laws of the Commonwealth of Pennsylvania and City of Philadelphia. As Mayor of Philadelphia, James Kenney took an oath to support, obey and defend the Constitution of the United States, the Constitution of Pennsylvania, and the Philadelphia Home Rule Charter.

9. The City of Philadelphia is a city of the first-class of the Commonwealth of Pennsylvania, with general administrative offices located at City Hall, Philadelphia, Pennsylvania.

## FACTS

10. On November 16, 2020, Defendants, Kenney and the City of Philadelphia, announced their intention to issue an Executive Order on November 20, 2020, which would last until January 1, 2020. This Executive Order will adopt the so-called "Safer at Home" shutdown policies, which are in the Defendant's possession or have been posted to the websites of the Mayor's office and City of Philadelphia, and have been widely circulated and are incorporated herein by reference thereto insofar as they are relevant to the facts set forth in this Complaint.

11. Pursuant to the "Safer at Home" ban on indoor dining as announced and promoted by Defendants Kenney and the City of Philadelphia, all indoor dining at restaurants in the City of Philadelphia is prohibited.

12. Defendants, Kenney and the City of Philadelphia, purported to rely upon different sources in an effort to justify the action that he took in ordering the shutdown and prohibition on indoor dining at restaurants. To date, neither Defendant, Kenney, nor the City of Philadelphia, have publicly produced the data, studies, reports, or expert guidance they have relied upon in their determination that indoor dining must immediately cease, whereas other indoor activities may continue unabated, or with restrictions.

13. Defendants, Kenney and the City of Philadelphia, as set forth in the "Safer at Home" ban on indoor dining, declared the ability to control the movement, interaction, livelihoods, and private lives of residents of the City of Philadelphia to order that citizens, such as Plaintiff, not utilize private property, without providing the citizens prior notice nor an opportunity to be heard, and without providing just compensation to those who will be irreparably harmed by the prohibition on indoor dining mandate.

14. A business operating out of compliance of the "Safer at Home" ban on indoor dining, such as the restaurants affiliated with Plaintiff, Philadelphia Restaurant Owners Against Lockdown, LLC, are subject to fines and penalties, and possible police action, including jail time.

15. The "Safer at Home" ban on indoor dining did not provide for compensation to the affected business owners, such as Plaintiff.

16. The "Safer at Home" ban on indoor dining did not provide for prior notice and an opportunity to be heard relative to the mandated shutdown.

17. Defendants, Kenney and the City of Philadelphia's, "Safer at Home" ban on indoor dining violates several provisions of the United States Constitution, as set forth herein.

18. Plaintiff is a group small business owners in the restaurant industry, operating restaurants in the City and County of Philadelphia. The "Safer at Home" ban on indoor dining issued by Mayor Kenney, under the color of state law, continues to restrict Plaintiff's right to operate and remain in business, partly based upon the geographic location of its affiliated business; e.g., the City of Philadelphia.

19. In an arbitrary and capricious manner, Defendants, Kenney and the City of Philadelphia, have created policies, such as the ban on indoor dining, which are inconsistent with the available statistical data and health precautions recommended by the United States Center for Disease Control (CDC), and other less restrictive measures that can be taken to combat the spread of COVID-19.

20. It is clear that the novel coronavirus, COVID-19, does not stop at or respect arbitrary boundaries such as city borders. Nonetheless, counties adjacent to the City of Philadelphia have not adopted a total ban on indoor dining.

21. Moreover, COVID-19 does not distinguish between the indoor airspace of other businesses that Defendants, Mayor Kenney and the City of Philadelphia, are allowing to remain operational, such as national big-box chain retailers (e.g. Walmart; Target; Home Depot), and small mom-and-pop businesses, such as barber shops, salons, and daycare centers, in addition to other indoor businesses such as banks, real estate operations, and the Philadelphia court system. The edicts of the "Safer at Home" policies have no relation to nor bearing upon the conduct of business, liberty, and other constitutional rights.

22. Defendants, Kenney and the City of Philadelphia, will continue to prohibit the Plaintiff from operating their businesses while permitting other similar businesses to operate.

23. Plaintiff can implement the same safety precautions, policies and procedures as other businesses which are allowed to remain operational during the "Safer at Home" shutdown.

24. The Plaintiff has invested a tremendous amount of financial resources, time and effort into all aspects of their businesses, including, but not limited to, the purchase or lease of equipment, inventory and physical business facilities; advertising; training and hiring of employees; and, customer development, as well as other expenses such as rent or mortgage payments. In many instances, Plaintiff's businesses are their way-of-life and how they make a living.

25. In an arbitrary and capricious manner, Defendant, Kenney and the City of Philadelphia, have deprived Plaintiff of the economic benefits and use of property while permitting similar businesses to operate and compete against these Plaintiffs' business.

26. Defendants' Orders have so deprived Plaintiff of the economic benefits and use of property that the resulting financial impact will adversely impact these Plaintiff's business for an

indefinite period and, unless immediately rescinded, threaten the future viability and sustainability of the businesses.

27. There is no reasonable or substantial basis between Defendants' Orders permitting one business to remain open and operational, while prohibiting similar businesses from operating when both businesses are capable of implementing the same safety precautions, policies and procedures.

28. Moreover, there is no reasonable or substantial basis to shutdown indoor dining in the City of Philadelphia, when it remains IN operation in adjacent counties.

29. The Plaintiff should not be forced to endure the destruction of their businesses while they are obligated to prove that Defendants, Kenney and the City of Philadelphia, have taken Plaintiff's private property without the payment of just compensation in violation of the Fifth Amendment of the Constitution of the United States, and without due process of law.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE TAKING CLAUSE – 42 U.S.C. 1983

30. All proceeding paragraphs are incorporated herein.

31. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V.

32. The Takings Clause generally bars the government from forcing some members of the public from bearing burdens that should be borne by the public as a whole.

33. The City of Philadelphia, through Mayor Kenney's "Safer at Home" ban on indoor dining, took property from members of the public, including the Plaintiff, without just compensation.

34. The taking occasioned by the "Safer at Home" ban on indoor dining worked to prohibit the use of citizens' property and, therefore, caused a diminution or loss in value of that property.

35. The taking in this case was so onerous as to work as a direct appropriation of the property.

36. Property and business owners, such as Plaintiff, who were forced to close their businesses suffered a taking and were, therefore, obligated to bear the cost of government action without just compensation.

37. Accordingly, the "Safer at Home" ban on indoor dining worked to deprive numerous residents, including some of the Plaintiffs herein, of their property interests.

## SECOND CAUSE OF ACTION
### SUBSTANTIVE DUE PROCESS – 42 U.S.C. 1983

38. All proceeding paragraphs are incorporated herein.

39. The "Safer at Home" ban on indoor dining compelled the closure of all or a substantial part of the the physical operations of all business and entities that provide indoor dining, and threatened criminal prosecution for those who violate the Executive Order.

40. The Defendants do not set forth with particularity what factors are considered, and provide citizens, such as Plaintiff, no means to challenge or appeal the Mayor's decision.

41. The Defendants' classification of what other indoor businesses were allowed to remain open while Plaintiff was forced to shutdown operations is arbitrary and capricious.

42. The Plaintiff has a protected liberty interest in their right to live without arbitrary governmental interference.

43. The Plaintiff has a right to protection from arbitrary action of the government.

Case 2:20-cv-05809-NIQA   Document 1   Filed 11/19/20   Page 8 of 11

44. Substantive Due Process prevents the government from engaging in conduct that "shocks the conscious" or that interferes with the concept of ordered liberty.

45. The "Safer at Home" ban on indoor dining, and the guidelines issued by Defendants, constitute arbitrary, capricious, irrational and abusive conduct that interferes with Plaintiff's liberty and property interests protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

46. Defendants' actions constitute official policy, custom and practice of the City of Philadelphia.  Defendants' actions shock the conscience of the Plaintiff, the citizens of Philadelphia, and of the Court.

47. Defendants' actions do not comport with the traditional ideas of fair play and decency.

48. Plaintiff has the right to pursue lawful business operations and employment as they shall determine and be free of governmental interference.

49. The shutdown is causing Plaintiff and citizens of Philadelphia, to lose their jobs, their livelihoods, and their reputations in their communities.

## THIRD CAUSE OF ACTION
### PROCEDURAL DUE PROCESS – 42 U.S.C. 1983

50. All proceeding paragraphs are incorporated herein.

51. The Fourteenth Amendment to the United States Constitution forbids a state from depriving anyone of life, liberty, or property without due process of law.

52. All fundamental rights comprised within the term liberty, including, but not limited to, the rights to be free from bodily restraint, the right to contract and engage in the common occupations of life, the right to acquire useful knowledge, and to generally enjoy the privileges

long associated with the rights of free people are guaranteed substantive due process rights under the Fourteenth Amendment.

53. The "Safer at Home" shutdown order, however, does not comply with procedural due process requirements in that the shutdown order does not provide an opportunity for those whose rights are affected, including the right to contract and engage in the common occupations of life, to:

   a. Be heard;
   b. Present witnesses;
   c. Present expert witnesses;
   d. Present studies and evaluations;
   e. Present evidence;
   f. Cross-exam and challenge the witnesses and evidence being used to justify the "Safer at Home" shutdown;
   g. An opportunity to appeal;
   h. An opportunity for judicial review.

54. As such, the "Safer at Home" shutdown deprives Plaintiff of its fundamental rights without due process of law, based solely upon the unfettered discretion of Defendants.

## FOURTH CAUSE OF ACTION
## VIOLATION OF EQUAL PROTECTION – 42 U.S.C. 1983

55. All proceeding paragraphs are incorporated herein.

56. The Equal Protection Clause requires governments to act in a rational and non-arbitrary fashion.

57. Defendants' actions in distinguishing between indoor businesses that may remain operational and others that must cease indoor operations are shutdown are arbitrary and irrational, and has never been justified or supported.

58. Defendants' actions are therefore a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

59. Restricting some indoor businesses, but not others, is not rational and is an arbitrary exercise of Defendant Kenney's executive power.

60. The Defendants' plan is nothing more than an arbitrary decision-making tool that relies on the speculations of the Defendants (i.e. that indoor dining is spreading the novel coronavirus, COVID-19, at a rate greater than other indoor activities, such as food shopping, banking, or attending criminal/family court hearings).

61. Defendants' "Safer at Home" policies impedes Plaintiff's fundamental right to use their private property without the government imposing arbitrary or irrational restrictions on the use of the property.

62. Defendants' actions will cause Plaintiff to be completely deprived of the use and control of their private property while businesses in other counties, and other industries, will be authorized to operate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor, against Defendants jointly and severally, and seek relief as follows:

a. An emergency injunction to prohibit Defendants from enforcing the "Safer at Home" ban on indoor dining in the manner and fashion engaged by Defendants, unless and until they justify their rationale to this Honorable Court;

b. a Declaratory Judgment that issuance and enforcement of the "Safer at Home" ban on indoor dining is unconstitutional for the reasons stated herein, and that the actions of the Defendants are unlawful and unconstitutional;

c. a permanent injunction prohibiting Defendants from enforcing the unlawful and unconstitutional ban on indoor dining;

d. a declaration that the rights of the Plaintiffs and the citizens of the Commonwealth have been violated by the various actions of the Defendants and the said Defendants are enjoined from engaging in such violations;

e. award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1983 and 1988; and,

f. such other relief as this Court deems appropriate.

## JURY DEMANDED

The Plaintiff herein demands a trial by jury.

**FRITZ & BIANCULLI, LLC**

By: ___*/s/ Brian E. Fritz*___
BRIAN E. FRITZ, ESQUIRE (84044)
1515 Market Street, Suite 1801
Philadelphia, PA 19102
215-458-2220 (Phone)
215-689-1563 (Fax)
*Email: bfritz@fbesq.com*
*Attorney for Plaintiff, Philadelphia Restaurant Owners Against Lockdown, LLC*

Dated: November 19, 2020