IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILADELPHIA RESTAURANT OWNERS AGAINST LOCKDOWN, LLC** | : : : | **CIVIL ACTION** |
| | : | **NO. 20-5809** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES KENNEY,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 20th day of November 2020, upon consideration of Plaintiff's *emergency motion for temporary restraining order and injunction without notice pursuant to Rule 65*, [ECF 2], and the complaint with its attachments, [ECF 1], it is hereby **ORDERED** that the motion for a temporary restraining order and injunction without notice is **DENIED**.[1]

---

[1] In the complaint, Plaintiff alleges various constitutional violations with respect to an executive order issued by Defendants Mayor James Kenney and the City of Philadelphia that prohibits indoor dining in the City of Philadelphia between November 20, 2020, and January 1, 2021. [ECF 1]. Plaintiff moves to enjoin the execution of the executive order. Federal Rule of Civil Procedure ("Rule") 65 governs the issuance of a temporary restraining order. Such relief is extraordinary in nature and available only in limited circumstances. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The standard for obtaining a temporary restraining order is the same standard for obtaining a preliminary injunction. *Corporate Synergies Group, LLC v. Andrews*, 775 F. App'x 54, 58 n.5 (3d Cir. 2019) (citing *PennMont Sec. v. Frucher*, 586 F.3d 242, 245 (3d Cir. 2009)). A court deciding a request for injunctive relief must consider four factors: (1) whether the movant has shown a probability of success on the merits; (2) whether the movant will be irreparably injured if relief is denied; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief is in the public interest. *Crissman v. Dover Downs Ent. Inc.*, 239 F.3d 357, 364 (3d Cir. 2001).

In *Reilly v. City of Harrisburg,* 858 F.3d 173, 179 (3d Cir. 2017), the United States Court of Appeals for the Third Circuit ("Third Circuit") clarified the burden on a movant when seeking preliminary injunctive relief and held that the movant must first demonstrate "a better than negligible chance" of prevailing on the merits and that "it is more likely than not" that the movant will suffer irreparable harm in the absence of a preliminary injunction. *Reilly*, 858 F.3d at 179. If a movant meets these two threshold requirements, the district court then "considers the remaining two factors and determines, in its sound discretion, whether the balance of the four factors weigh in favor of granting injunctive relief." *Id*. Further, a district court is not required to hold a hearing on a moving party's request for a preliminary injunction "when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990).

Here, Plaintiff's claims are premised on its contention that Defendants' executive order temporarily banning indoor dining at restaurants within the City of Philadelphia violates Plaintiff's: (1) substantive due process and equal protection rights because the ban, as imposed, is arbitrary, irrational, and/or shocks the conscience; and (2) procedural due process rights because the ban was imposed without providing Plaintiff with notice and a meaningful opportunity to be heard. After a careful review of Plaintiff's submissions, this Court concludes that Plaintiff has failed to establish that it has a "better than negligible" likelihood of prevailing on the merits of its claims. Specifically, this Court finds that genuine disputes of material fact exist, at this stage, as to whether Defendants' imposition of the indoor dining ban was arbitrary, irrational, or shocked the conscience, or deprived Plaintiff of a protectable interest without a meaningful opportunity to be heard. In light of these genuine disputes, Plaintiff has not met its burden with respect to the extreme remedy of a temporary restraining order.

This Court also finds that although Plaintiff has arguably articulated irreparable harm, this Court cannot conclude at this stage that Plaintiff's harm outweighs the potential harm to the general public if the ban is lifted. Enjoining the actions of elected officials in matters that affect public safety also constitutes an irreparable harm. *See Maryland v. King*, 567 U.S. 1301, 1301 (2012). Here, granting a temporary restraining order may result in more transmissions of COVID-19 and more cases of serious illness and death. Thus, the potential harm to the public is significant and not outweighed by the irreparable harm Plaintiff might suffer. Accordingly, Plaintiff's motion for a temporary restraining order is denied.

In reaching this conclusion, this Court is cognizant of the recent caution exerted by Chief Justice Roberts with respect to a similar challenge to another elected official's COVID-19 restrictions:

> The precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement. Our Constitution principally entrusts "[t]he safety and the health of the people" to the politically accountable officials of the States "to guard and protect." *Jacobson v. Massachusetts*, 197 U.S. 11, 38, 25 S.Ct. 358, 49 L.Ed. 643 (1905). When those officials "undertake[ ] to act in areas fraught with medical and scientific uncertainties," their latitude "must be especially broad." *Marshall v. United States*, 414 U.S. 417, 427, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974). Where those broad limits are not exceeded, they should not be subject to second-guessing by an "unelected federal judiciary," which lacks the background, competence, and expertise to assess public health and is not accountable to the people. *See Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 545, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985).
>
> That is especially true where, as here, a party seeks emergency relief in an interlocutory posture, while local officials are actively shaping their response to changing facts on the ground. The notion that it is "indisputably clear" that the Government's limitations are unconstitutional seems quite improbable.

*S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, (Mem)–1614, 207 L. Ed. 2d 154 (2020). As opined by Chief Justice Roberts, it is "quite improbable" that Defendants' health and safety limitations embodied in the indoor dining ban at issue are "indisputably" unconstitutional. The constitutionality of the ban in question is a "fact-intensive" inquiry, "subject to reasonable disagreement[,]" and, thus, inherently inappropriate for imposition of a temporary restraining order.

This Court also notes that the Third Circuit recently granted the Governor of Pennsylvania's motion to stay a district court's decision invalidating several of the Governor's COVID-19 restrictions, thereby necessarily finding that the Governor had demonstrated a likelihood of succeeding with his appeal. *County*

2


**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

*of Butler v. Thomas W. Wolf*, 2020 WL 5868393 (3d Cir. Oct. 1, 2020).  These decisions, though not directly on point in terms of substance or procedure, further persuade this Court that Plaintiff is not entitled to the injunctive relief it seeks.